The opinion of the Court was drawn up by
ltiCB, J.
This is an action of assumpsit on a receipt given by the defendant, for a lot of millinery goods and merchandize, alleged to have boon attached by the plaintiff as a deputy sheriff, and which the defendant, in his receipt, promised to redeliver to said officer or his successor in office on demand, or pay the value thereof in money, &c.
The goods were not redelivered. This action was brought to recover their value in money.
*70 The case comes before us on exceptions. The defendant contended that the officer’s return on the original writ, was too vague and uncertain to prove an attachment of the property for which the receipt was given, and moved for a non-suit on that ground. This motion was denied.
It was remarked by Shaw, C. J., in the case of Baxter v. Rice, 21 Pick., 197, in which the language of the officer’s return' was in substance very similar to that used by the officer in this case, that " it is highly important, upon grounds of public policy, that a good degree of exactness and particularity should be observed, in returns on mesne process, to show their identity, and thereby more definitely fix the rights and responsibilities of all parties in relation to them. But, from the nature of the subject, it is difficult to lay down a precise general rule.
Though that was a case in which the action was directly against the officer, the Court did not hold the return absolutely invalid, but allowed an amendment, by specifying in detail the articles attached.
But, in the case at bar, the question discussed in the case of Baxter v. Rice, does not arise. Here the action is iipon a receipt in which the defendant admits that the goods had been attached by the plaintiff, and that he received them from him with a promise to return them on demand. He is not in a condition to contest the validity ‘of the attachment, and therefore, as to him, it is sufficient, even if it should be held otherwise between other partiesa proposition, however, which we do not assert. In the language of the Court, in the case of Drew v. Livermore, 37 Maine, 266, "he voluntarily became the bailee, of the officer and cannot avoid his contract by showing informality or invalidity in the attachment, or 'judgment, so long at least as that judgment stands.”
There was no proposition to show that the attachment had been abandoned. And, even if there had been an abandonment proved, it would not have availed the defendant. If the attachment had failed, then the officer was under obligation to restore the goods to the original defendants, and was *71 entitled to have them returned to him, from his bailee, for that purpose.
Nor was the attachment dissolved by reason of any amendment in the date of’the execution or judgment. On general principles, it is competent for a Court of record, and incident to its authority, to correct mistakes in its records which do not arise from the judicial action of the Court, but from the mistakes of its recording officer. And lapse of time will not divest the Court of its power to make such corrections. Lewis v. Ross, 37 Maine, 230; Commonwealth v. Weymouth, 2 Allen, 144.
The interrogatory propounded to the witness Currier, was properly excluded for two reasons : — First, the preliminary examination did not show him to have been an expert, or person of peculiar skill and experience in reference to the subject matter upon which he was interrogated, and he therefore was not entitled to give an opinion. And, in the second place, the question put to him was irrelevant. The issue was not, what the goods would have been worth on a particular day at auction, but what was their value at the time and place of delivery. 2 Greenl. Ev., § 261; Berry v. Dwinel, 44 Maine, 255.
.The defendant, in his receipt, promised to return the goods or pay their value in money, not the sum they would sell for at auction.
The interrogatories propounded to Mrs. Weston, one of the original defendants, and objected to by the defendant, wore properly admitted. This witness had testified in her examination in chief for the defendant, that the whole stock of goods, at the time of the attachment, was not worth more than §300 or §400.
The interrogatories and answers, on cross-examination, which were objected to, show that, notwithstanding the plaintiff’s debt, on which the goods had been attached, amounted to $1250, this witness caused subsequent attachments to be placed upon the same goods for the benefit of her help and other creditors. These acts of the witness, apparently so *72 inconsistent with her testimony, as given in chief, had a direct tendency to impair her credit with the jury in reference to the question of value, which became material in establishing the amount of damage. On th’e cross-examination, it was not only competent testimony, but directly pertinent to the issue.
No error being perceived- in the rulings or directions of the Court, the exceptions must Toe overruled and judgment entered upon the .verdict.
Appleton, C. J., Cutting, Davis, Kent and Walton, JJ., concurred.